UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON A. SMITH,

    Plaintiff,

v.

DALE BROWN, et al.,

    Defendants.
_____/

Case No. 1:25-cv-379

HON. JANE M. BECKERING

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Following screening, Plaintiff's First Amendment retaliation claims, Eighth Amendment claims against Defendants Unknown Zupon and Unknown Kerr for the denial of Plaintiff's walking aid, and ADA claims against Defendants Zupon and Kerr in their official capacities remain in the case. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies for these claims. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny the motion as to two retaliation claims and otherwise grant the motion. The matter is presently before the Court on Defendants' objections to the Report and Recommendation, to which Plaintiff filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that Defendants failed to satisfy their burden of demonstrating that two of Plaintiff's claims were not exhausted, to wit: Plaintiff's claims that

(1) on June 16, 2024, Defendant Zupon confiscated Plaintiff's legal pleadings in retaliation for filing grievances[;] and

(2) on an unknown date between July 9, 2024, and July 12, 2024, Defendant Zupon, at Defendant Bonn's direction, confiscated Plaintiff's legal pleadings in retaliation for filing grievances

(R&R, ECF No. 32 at PageID.357).

In their objections, Defendants challenge only the Magistrate Judge's recommendation as to the second remaining claim. According to Defendants, the Step II documents that they supplied to the Magistrate Judge "entirely negate Smith's baseless claim that he did not receive a Step II appeal form in [Grievance ICF-24-07-0810-17b (ICF-810)]" (Defs. Obj., ECF No. 33 at PageID.361–362).

The Magistrate Judge did not overlook Defendants' evidence but assigned it different import in light of Plaintiff's evidence that he requested, but was never provided, a Step II grievance form (R&R, ECF No. 32 at PageID.355, referencing Pl. Aff., ECF No. 27-2). The Magistrate Judge determined that interpreting the record evidence in the light most favorable to Plaintiff, the non-moving party, "compels the conclusion that there exists a factual dispute that cannot be resolved at this juncture" (*id.*). Defendants' mere disagreement fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 33) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 32) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 21) is DENIED IN PART and GRANTED IN PART for the reasons stated in the Report and Recommendation.

Dated:  December 9, 2025                                          /s/ Jane M. Beckering
                                                                                    JANE M. BECKERING
                                                                                    United States District Judge