UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHTON A. SMITH,

Plaintiff,

v.

DALE BROWN, et al.,

Defendants.
_______________________________/

Case No. 1:25-cv-379

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for sanctions under Federal Rule of Civil Procedure 11 against counsel for the two remaining Defendants (Dale Brown and Unknown Zupon). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants Brown and Zupon filed a response. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge determined that Plaintiff's failure to comply with the safe-harbor provision of Rule 11 precluded the Court from imposing sanctions (R&R, ECF No. 71 at PageID.714). In his objections, Plaintiff argues that the Magistrate Judge abused his judicial

discretion in deciding to hold him, a litigant proceeding pro se, to the stringent standards of the rule (Objs., ECF No. 74 at PageID.728–735). Plaintiff opines that defense counsel will be "empowered to continue to engage in abusive motion practice against pro se litigants in violation of Rule 11(b) if the District Court turns a blind eye to the said misconduct" (*id.* at PageID.735).

Plaintiff's argument lacks merit.

The Magistrate Judge explained that Rule 11(c)(2) requires that a party seeking sanctions under Rule 11(c) must "first serve its motion on the opposing party before filing it with the Court and provide 21 days to withdraw the challenged pleading or paper" (R&R, ECF No. 71 at PageID.714), a process that is easily understood and applied. The Magistrate Judge did not commit any error in applying the requirements of Rule 11 to Plaintiff's motion. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (holding that pro se litigants are required to follow the applicable rules in litigating their claims); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Where … a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant.").

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 74) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 71) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Sanctions (ECF No. 62) is DENIED for the reasons stated in the Report and Recommendation.

Dated: August 17, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge